UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHANE NOBLE,

    Plaintiff,

v.

THE RAWLINGS COMPANY LLC,

    Defendant.

Cause No.: 3:19-cv-103-GNS

*Electronically Filed*

### DEFENDANT THE RAWLINGS COMPANY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant The Rawlings Company LLC ("Rawlings" or "Defendant"), by and through their undersigned attorneys, submits this Answer to Plaintiff's Complaint and Demand for Jury Trial, and its affirmative and other defenses. To the extent not specifically admitted herein, the allegations in the Complaint are denied.

#### I. NATURE OF THE CASE

1.    This introductory paragraph contains Plaintiff's statement of the case and conclusions of law to which no response is required.

#### II. PARTIES

2.    Rawlings lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.    Admitted.

#### III. JURISDICTION AND VENUE

4.    Rawlings admits that the Complaint purports to state a cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The remainder of

paragraph 4 consists of conclusions of law to which no response is required. To the extent that a response is required, Rawlings admits that this Court has jurisdiction over a properly pleaded complaint for a violation of Title VII under 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Rawlings admits that the Complaint purports to state a cause of action under the Kentucky Civil Rights Act. The remainder of paragraph 4 consists of conclusions of law to which no response is required.

6. This paragraph consists of a legal conclusion to which no response is required.

7. This paragraph consists of a legal conclusion to which no response is required.

8. Rawlings admits that Plaintiff filed Charges of Discrimination with the EEOC against Defendant alleging discrimination on the basis of sex and that he received the required Notice of Suit Rights. According to the EEOC, "[b]ased upon its investigation," it was "unable to conclude that the information obtained established violation of the statutes . . . ." The remainder of paragraph 8 consists of conclusions of law to which no response is required.

9. This paragraph consists of a legal conclusion to which no response is required. To the extent that a response is required, Rawlings admits that the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky.

IV. FACTUAL ALLEGATIONS

10. Rawlings admits that Noble, male, began working for Defendant as a Claims Analyst/Auditor in March 2017. Rawlings denies the remainder of the allegations in paragraph 10.

11. Rawlings admits that Noble reported to Ashley Morgan. Rawlings denies the

remainder of the allegations in paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Rawlings admits that on March 2, 2018, Noble was informed of quality issues and a month later, his employment was terminated. Rawlings denies the remainder of the allegations in paragraph 15.

16. Rawlings admits that Jon Thiemann worked as an auditor and that Morgan, at times, disciplined employees who worked on her team, including Thiemann. Rawlings further admits that Thiemann received a written warning from Human Resources. Rawlings denies the remaining allegations in paragraph 16.

17. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Rawlings denies the remainder of the allegations in the introductory paragraph of paragraph 17.

   a. Rawlings admits that Krystal Juneau worked on the Quality Team and still works at Rawlings. Rawlings has, as of the time of this Answer, been unable to verify the other allegations in paragraph 17(a), and therefore denies them.

   b. Rawlings admits that Jessica Lewis joined the team as Assistant Team Manager (ATM) for a few months before moving on to a career as a commercial pilot. Rawlings has, as of the time of this Answer, been unable to verify the other allegations in paragraph 17(b), and therefore denies them. Furthermore, the allegation that "[t]hese are equally or more

3

    egregious errors from those which Noble is accused" is a legal conclusion to which no answer is required.

  c. Rawlings admits that Maruja Shelton joined the team at the same time as Noble. Rawlings has, as of the time of this Answer, been unable to verify the other allegations in paragraph 17(c), and therefore denies them. Furthermore, the allegations that "[s]he struggled much more than Noble," that "[h]er quality was also much worse than Noble's," and that she was "violating the law, a few times, and causing actual consequences," are legal conclusions to which no answer is required.

  d. Rawlings has, as of the time of this Answer, been unable to verify the other allegations in paragraph 17(d), and therefore denies them.

  e. Rawlings admits that Holly Fusner joined Ms. Morgan's team. Rawlings further admits that Fusner is a 10-year veteran with the company, and that Morgan did not terminate Fusner's employment. Rawlings has, as of the time of this Answer, been unable to verify the allegations regarding Fusner's history of obstinance/insubordination and chronic tardiness, and therefore denies those allegations. Rawlings denies the remainder of the allegations in paragraph 17(e).

  f. Rawlings has, as of the time of this Answer, been unable to verify the allegations in paragraph 17(f), and therefore denies them. Furthermore, the allegation that Ms. Moffett caused "member abrasion" to the widowed mother is a legal conclusion to which no answer is required.

18. Rawlings denies that Noble alerted Defendant to his allegations on April 13,

2018, as it is unclear to which allegations he is referring. Rawlings admits that Noble sent a written letter to Debra Ford on April 24, 2018 and that letter speaks for itself. Rawlings further admits that Gena Moffett, Ashley Morgan, and Taylor Cummings met in a conference room. Rawlings further admits that a meeting between Ashley Morgan, Taylor Cummings, Ryan Little, and Gena Moffett took place, on May 1, 2018. Rawlings further admits that Moffett's work station was moved directly between Cummings and Morgan. Rawlings denies the remainder of the allegations in paragraph 18. Furthermore, the allegations that Noble's reports were not properly investigated and that Moffett's work station was moved directly between Cummings and Morgan so that her activities could be closely monitored are legal conclusions that do not require a response.

## V. CAUSES OF ACTION

19. The prior paragraphs of Rawlings' answer are reincorporated.

20. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Rawlings denies the allegations in paragraph 20.

21. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Rawlings denies the allegations in paragraph 21.

22. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Rawlings denies the allegations in paragraph 22.

## VI. REQUESTED RELIEF

Plaintiff's requests for judgment and relief are questions of law for the Court to decide and to which no response is required. To the extent a response is required, Rawlings denies that Plaintiff is entitled to judgment in his favor or any other relief.

1. To the extent a response is required, denied.

5

2. To the extent a response is required, denied.

3. To the extent a response is required, denied.

4. To the extent a response is required, denied.

5. To the extent a response is required, denied.

6. To the extent a response is required, denied.

7. To the extent a response is required, denied.

8. To the extent a response is required, denied.

## DEMAND FOR A JURY TRIAL

Plaintiff's jury demand presents a question of law for the Court to decide and to which no response is required. To the extent a response is required, Rawlings hereby demands a jury trial as to all issues or claims for which a jury trial is allowed, including its defenses.

## AFFIRMATIVE AND OTHER DEFENSES

Rawlings asserts the following defenses without waiving its right to raise additional defenses, and without assuming any burdens not imposed by law:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, based on the truth and sufficiency of all statements upon which his alleged claims are based.

3. Plaintiff's claims are barred, in whole or in part, because Rawlings acted in good faith at all times.

4. Plaintiff's claims are barred, in whole or in part, because all employment actions taken with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff was an at-will employee of Rawlings.

6. Rawlings is entitled to all defenses and presumptions in its favor under 29 U.S.C. § 2601, *et seq.*, 29 U.S.C. § 201, *et seq.*, KRS Chapter 344, KRS Chapter 337, and KRS 341.990.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, because he suffered no actual damages as a result of the actions alleged in the Complaint.

9. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate any loss or damage he allegedly sustained.

10. Plaintiff has failed to satisfy the prerequisites for equitable relief, including but not limited to a failure to demonstrate irreparable harm.

11. No action or omission, if any, on the part of Rawlings was intentional, willful, and/or reckless, and therefore any award of damages or other relief based on such conduct is barred.

12. Plaintiff's claim for punitive damages herein, and any charge to the jury in this case on punitive damages and/or the imposition of or consideration by the jury of punitive damages, would be unconstitutionally vague and violate Rawlings' constitutional right in the guarantee of both substantive and procedural due process as guaranteed to them by the Fourteenth Amendment of the United States Constitution and/or the comparable provisions of the Kentucky Constitution, including but not limited to Section 2 of said Constitution. Alternatively, it would be unconstitutional and violate Rawlings' rights to both substantive and procedural due process and irrevocably prejudice the defense of this action by failure of the Court to bifurcate any asserted issue on punitive damages unless or until the jury hypothetically rendered a verdict on liability and compensatory damages. Alternatively, Rawlings submits that

any charge on the burden of proof regarding punitive damages on a level lower than clear and convincing evidence would be unconstitutional and violate both substantive and procedural due process. Accordingly, Rawlings pleads and rely upon the above as a bar to the Plaintiff's claim against Rawlings in its entirety and specifically with regard to the claim for punitive damages.

13. Rawlings reserves the right to amend this Answer and to raise any and all defenses, affirmative or otherwise, which may become available to it during this litigation.

Dated: March 7, 2019

By: *s/ Shannon Antle Hamilton* ..........................................
Shannon Antle Hamilton
Stites & Harbison, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202
Phone: (502) 587-3400
shamilton@stites.com

Shawn J. Rabin (*pro hac vice* pending)
Stephanie Spies (*pro hac vice* pending)
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Phone:  (212) 336-8330
srabin@susmangodfrey.com
sspies@susmangodfrey.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 7th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court via filing with the Western District of Kentucky's ECF system which will send a notice of electronic filing to:

    Andrew Dutkanych III
    Biesecker Dutkanych & Macer, LLC
    8888 Keystone Crossing, Suite 1300
    Indianapolis, IN  46240

    *Attorneys for Plaintiff*

            *s/ Shannon Antle Hamilton*